IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:10CV544-RJC-DSC

| | |
|---|---|
| PAMELA J. MITCHELL,<br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security Administration,<br>    Defendant. | )<br>)<br>)<br>)   **MEMORANDUM AND RECOMMENDATION**<br>)<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #11) and "Memorandum in Support ..." (document #12), both filed April 14, 2011, and Defendant's "Motion for Summary Judgment" (document #14) and "Memorandum in Support... " (document #15), both filed June 15, 2011. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be <u>denied</u>; that Defendant's Motion for Summary Judgment be <u>granted</u>; and that the Commissioner's decision be <u>affirmed</u>.

**I. PROCEDURAL HISTORY**

Plaintiff filed her application for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI") on October 10, 2006, alleging that she became disabled on January 31, 2005. Plaintiff's application was denied initially and on reconsideration, and a hearing was held on January 23, 2009 (Tr. 25-61).

On May 22, 2009 - twenty-five days before Plaintiff's 55th birthday - the Administrative Law Judge ("ALJ") issued a decision denying Plaintiff benefits. (Tr.7-24). In his decision, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. The ALJ also found that Plaintiff suffered foot problems, low back pain, valve disease, and depression, which were severe impairments within the meaning of the regulations, but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ found that Plaintiff retained the Residual Functional Capacity ("RFC")[1] to perform light[2] work involving sitting most of the work day, but was precluded from using foot controls or climbing scaffolds and ladders. The ALJ found that Plaintiff could occasionally climb stairs and walk fifty to one hundred feet with use of a cane. (Tr. 16). The ALJ also found that Plaintiff could not perform her past relevant work, and that she was a "person approaching advanced age," as that term of art is used for Social Security purposes.

The ALJ then considered the Medical-Vocational Guidelines and the testimony of a Vocational Expert ("VE") to determine that the Plaintiff was not disabled. (Tr. 21-23).

In December 2009, Defendant allowed Plaintiff's subsequent application for benefits, finding that she was disabled as of May 23, 2009, the day after the subject hearing decision was issued.

On September 24, 2010, the Appeals Council denied Plaintiff's request for further

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[2] "Light" work is defined in 20 C.F.R. § 404.1567(b) as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

2

administrative review of the subject hearing decision. In its "Notice of Appeals Council Action," the Appeals Council stated:

> Also, the Appeals Council considered the fact that since the date of the Administrative Law Judge's decision, you were found to be under a disability beginning May 23, 2009, based on the application(s) you filed on June 8, 2009; however, the Council found that this information does not warrant a change in the Administrative Law Judge's decision (Tr. 2).

Plaintiff filed the present action on October 29, 2010. On appeal, Plaintiff contends that the subsequent finding of disability constitutes new and material evidence warranting remand of this case. "Memorandum in Support ..." at 11-12 (document #12). Plaintiff also assigns error to the ALJ's alleged "mechanical" application of the age criteria under the Medical-Vocational Guidelines and his evaluation of her RFC. Id. at 12-19. The parties' cross dispositive Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v.

Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

In order for a reviewing court to remand a case because of new and material evidence, the plaintiff must show that there was good cause for failing to offer that evidence into the record at the prior proceeding. Wilkins v. Sec'y of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991). Evidence is "new," if it was not presented to or considered by the Agency in the prior proceeding Id. Here, Plaintiff's subsequent disability determination is not "new," because it was considered by the Appeals Council. See Riley v. Apfel, 88 F. Supp. 2d 572, 576 (W.D. Va. 2000) ("A sentence six remand is wholly inapplicable because the 'new' evidence . . . was 'incorporated into the record in a prior proceeding' and is already in the record." (quoting 42 U.S.C. § 405(g)). A remand in this

4

case would be futile since Plaintiff has already been granted the relief requested. The Agency has already considered Plaintiff's subsequent disability determination and found no basis for changing the prior decision.

In a factually similar case, this Court held that when the Appeals Council acknowledges that a plaintiff has subsequently been found disabled, but does not find that the subsequent determination affects the pending request for review, remand is inappropriate. See Lemken v. Astrue, No. 5:07-CV-33-RLV-DCK, 2010 WL 5057130 , at *3 (W.D.N.C. 2010). As discussed in Lemken, when the agency reaches two different determinations regarding a plaintiff's disability status, that situation is covered by Hearings, Appeals, and Litigation Law Manual (HALLEX) I-5-3-17. The Manual provides that if the initial or reconsideration determination on a subsequent application is favorable, then the Appeals Council will consider evidence from the subsequent claim to determine whether there is new and material evidence relating to the prior claim. Here, the Appeals Council complied with that mandate, noting that while Plaintiff was found disabled as of May 23, 2009, the subsequent determination did not warrant a change in the ALJ's decision (Tr. 2). Since the Commissioner properly considered the effect of Plaintiff's subsequent award of benefits on the pending case, there is no error.

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became "disabled" as that term of art is defined for Social Security purposes.[3] Concerning plaintiff's second assignment of error, there are

---

[3]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

three age categories set forth in the regulations: (1) younger persons (under age 50); (2) persons closely approaching advanced age (age 50-54); and (3) persons of advanced age (age 55 or older). 20 C.F.R. § 416.963. Under the Medical-Vocational Guidelines, a "person closely approaching advanced age" and capable of unskilled light work would not be disabled, while a "person of advanced age" and capable of unskilled light work would be disabled. 20 C.F.R. pt. 404, subpt. P, app. 2, §§ 201.18, 201.09. The regulations direct the ALJ to avoid applying the age categories "mechanically in a borderline situation." 20 C.F.R. § 416.963(b). If a claimant is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled," the ALJ must "consider whether to use the older age category after evaluating the overall impact of all the factors of your case." Id.

Courts have disagreed as to what constitutes a "borderline situation," but Defendant does not dispute that twenty-five days qualifies as a "borderline situation" here. Plaintiff has correctly noted that if she been evaluated using the older age category, the Grids would have directed a finding of disability. See 20 C.F.R. pt. 404, subpt. P, app. 2, § 202.06. Application of the Grids using Plaintiff's age on the date of the ALJ's decision, however, directed a finding of not disabled. See 20 C.F.R. pt. 404, subpt. P, app. 2, § 202.14. Plaintiff argues that the ALJ mechanically applied the Grids, thus requiring remand for the ALJ to consider whether the older age category should apply. Implicit in Plaintiff's argument is the assumption that the ALJ did not consider application of the older age category merely because he did not discuss it in his decision. Additionally, Plaintiff's argument presumes that when the ALJ does not explain how he considered application of the older age category, remand is necessary even where the record does not contain evidence establishing the presence of additional vocational adversities that are necessary to justify application of the older age category.

There is no controlling law to support Plaintiff's argument. Rather, Plaintiff relies on a number of out-of-circuit cases and HALLEX, the policy manual that "defines procedures for carrying out policy and provides guidance for processing and adjudicating claims...." HALLEX I-1-0-1. The Commissioner's HALLEX does not carry the force of law. Newton v. Apfel, 209 F.3d 448, 459 (5th Cir. 2000); see also Pass v. Chater, 65 F.3d 1200, 1204 n. 3 (4th Cir. 1995) (agency's interpretation of the Social Security Act does not carry the force of law).

The Court is persuaded to the contrary by recent Court of Appeals decisions that have rejected the approach urged by Plaintiff. See Lockwood v. Comm'r of Soc. Sec., 616 F.3d 1068 (9th Cir. 2010); Bowie v. Comm'r of Soc. Sec., 539 F.3d 395 (6th Cir. 2008). In Lockwood, the Ninth Circuit held that where an ALJ mentioned the claimant's date of birth and age in the decision, cited to the regulation prohibiting mechanical application of the Grids in borderline situations, and relied on vocational expert testimony, the ALJ satisfied the requirement that he consider whether to use the older age category. Lockwood, 616 F.3d at 1071-72. As in Lockwood, the ALJ here mentioned Plaintiff's birth date and age in his decision and cited to 20 C.F.R. § 416.963 (Tr. 20). The ALJ also considered vocational expert testimony before finding that Plaintiff was not disabled (Tr. 21-22) another factor that the Lockwood court found belied an assertion that the ALJ mechanically applied the Grids. Lockwood, 616 F.3d at 1071-72. As the Ninth Circuit explained, the controlling regulation does not require the ALJ to use an older age category, "even if the claimant is within a few days... of reaching an older age," nor does the HALLEX, "require an ALJ to address borderline situations in every written decision." Id. (citations omitted).

The Ninth Circuit largely relied on the cogent analysis of the Sixth Circuit contained in the Bowie decision. See Bowie, 539 F.3d at 398-404. The Bowie court explicitly rejected a "per se procedural requirement to address borderline age categorization in every borderline case." Id. at

7

400. As the Sixth Circuit explained, "nothing in this language [in 20 C.F.R. § 404.1563 prohibiting mechanical application in borderline cases] obligates an ALJ to address a claimant's borderline age situation in his opinion or explain his thought process in arriving at a particular age-category determination." Id. Nor does HALLEX contain such a requirement. Id. at 400-401 (citing HALLEX I-5-3-2). HALLEX plainly states that the adjudicator "need not explain his or her use of the claimant's chronological age" "absent a showing of additional adversity(ies)." Id.

Under the approach of the Sixth and Ninth Circuits, the ALJ fulfilled his duty to consider the application of the older age category, and had no duty to explain his determination. This approach is consistent with the plain language of the governing regulation, and the Commissioner's interpretative guidance provided in HALLEX I-5-3-2. Lockwood, 616 F.3d at 1071-72; Bowie, 539 F.3d at 398-404. For those same reasons, the ALJ's determination concerning Plaintiff's age should be affirmed.

Finally, Plaintiff argues that her use of a cane prevents her from performing a modified range of light work. "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b). Here, the ALJ found that Plaintiff could perform the lifting and sitting requirements of light work, but not the full extent of climbing, walking, or use of foot controls. (Tr. 16). Thus, the ALJ limited Plaintiff to a modified range of light work and called upon a VE to determine the impact of her limitations on the available occupational base. (Tr. 54-57).

Substantial evidence supports the ALJ's determination that Plaintiff could perform a modified range of light work. Plaintiff testified that she was capable of performing household

chores including grocery shopping, washing dishes, cooking, and caring for her two minor grandchildren. (Tr. 31, 43-45 ). She also testified that she could sit for eight hours per day watching television. (Tr. 44). Plaintiff underwent surgery on her feet, which resulted in good correction of right bunion deformity (Tr. 529-531). A symptom that can be reasonably controlled by medication or treatment is not disabling. Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) (citing Purdham v. Celebrezze, 349 F.2d 828, 830 (4th Cir.1965). Continued surgical treatment was recommended to alleviate Plaintiff's symptoms, but she declined treatment and opted to use an ambulatory device instead. (Tr. 529-531). In addition, the state agency physician, upon review of the evidentiary record as a whole, found Plaintiff capable of light work. (Tr. 476-483). The Fourth Circuit has found that a state agency opinion may constitute substantial evidence in support of the ALJ's decision, where as here, it is consistent with the administrative record as a whole. Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984). This evidence is substantial, and supports the ALJ's finding that Plaintiff could perform a modified range of light work.

Contrary to Plaintiff's assertion, there is nothing in SSR 96-9p which precludes an individual who uses an ambulatory devise from performing a modified range of light work. Because Plaintiff could lift ten pounds frequently and twenty pounds occasionally, and sit for six hours in an eight hour work day, the ALJ properly found her capable of a modified range of light work. 20 C.F.R. §§ 404.1567(b), 416.967(b). Plaintiff argues that since her RFC limited her to sitting most of the time, she should have been found capable of only sedentary work. However, RFC is an administrative determination regarding the most a plaintiff can do despite her impairments. 20 C.F.R. §§ 404.1527(e)(2), 404.1545(a). Here, the ALJ found that Plaintiff could perform many, but not all of the requirements of light work. Thus, he properly found her capable of a modified range of light work.

Applying the rationale of SSR 96-9p to the facts at hand, the ALJ properly solicited the testimony of a VE to determine the effect of Plaintiff's use of an ambulatory device on the light occupational base. (Tr. 55-57). The VE testified that an individual with the same vocational characteristics and RFC as Plaintiff could perform the jobs of nut and bolt assembler, small products assembler, and dry cell battery assembler, existing in significant numbers in the local and national economies. (Tr. 55). The VE's testimony as to the existence of jobs that Plaintiff could perform, in response to a hypothetical question based upon an accurate RFC, constitutes substantial evidence in support of the ALJ's determination. See Walker v. Bowen, 889 F.2d 47, 50-51 (4th Cir. 1989) (VE's response to hypothetical question including all of Plaintiff's impairments constitutes substantial evidence in support of ALJ's decision).

Although the medical records establish that the Plaintiff experienced symptoms and mental and emotional difficulties to some extent or degree, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976). Moreover, the facts found by the ALJ clearly support the ultimate conclusion that Plaintiff suffered from, but was not disabled from working, by her combination of impairments.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of Plaintiff's age and RFC as well as his ultimate determination that Plaintiff was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #11) be **DENIED**; that Defendant's "Motion for Summary Judgment" (document #14) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: June 21, 2011

David S. Cayer
United States Magistrate Judge