UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-544-RJC-DSC

| PAMELA J. MITCHELL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on Plaintiff Pamela Mitchell's (the "Claimant") Motion for Summary Judgment, (Doc. No. 11), Defendant, the Commissioner of the Social Security Administration, Michael Astrue's (the "Commissioner") Motion for Summary Judgment, (Doc. No. 14), and the Magistrate Judge's Memorandum and Recommendation ("M&R"), recommending that the Court deny the Claimant's motion, grant the Commissioner's motion, and affirm the Commissioner's decision. (Doc. No. 16). The Claimant filed a timely objection. (Doc. No. 17).

**I.   STANDARD OF REVIEW**

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are

challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id.

The M&R clearly articulates the standard of review in a Social Security appeal. (Doc. No. 16 at 3-4). This Court adopts the Magistrate Judge's account.

## II. BACKGROUND

The Claimant did not specifically object to the M&R's procedural history. (Doc. No. 17). Thus, the Court adopts the Magistrate Judge's statement of the procedural history in this case.

The Claimant made three objections to the Magistrate Judge's legal conclusions. (Doc. No. 17). First, the Claimant objects to the exceptional timeliness of the Magistrate Judge's M&R. (Id. at 2). The Magistrate Judge entered his M&R seven days before the Claimant's deadline to respond to the Commissioner's motion. (Id.). The Claimant argues that this prevented her from arguing that "the [Commissioner] engaged in *post hoc* rationalizations," to combat the Claimant's argument that new and material evidence required remand. (Id.).

Second, the Claimant argues that the Magistrate Judge erred in ignoring the Administrative Law Judge's ("ALJ") "failure to consider whether the older age category should be applied in this case." (Id. at 3). This contention revolves around the three age categories that Social Security regulations create to aid ALJs in their disability analysis: (1) "younger persons" (those under fifty); (2) "persons closely approaching advanced age" (those between fifty and fifty-four; and (3) "persons of advanced age" (those fifty-five and older). 20 C.F.R. § 416.963. "In determining the extent to which age affects a person's ability to adjust to other work, [the

Commissioner] consider[s] advancing age to be an increasingly limiting factor in the person's ability to make such an adjustment." Id.

Lastly, the Claimant objects to the M&R's acceptance of the ALJ's Residual Functional Capacity ("RFC") finding. (Id. at 4). In determining whether a claimant is disabled, ALJs must determine the type and intensity of work that he or she is capable of performing. This is called their RFC.

## III. ANALYSIS

The ALJ issued his decision twenty-five days before the Claimant's fifty-fifth birthday. (Doc. No. 16 at 2). Her fifty-fifth birthday was a critical date because it marked the date when she became a "person of advanced age," rather than a "person closely approaching advanced age." A person of advanced age with the Claimaint's capacity for unskilled light work would be disabled, but a "person closely approaching advanced age" would not. 20 C.F.R. pt. 404, Subpt. P, App. 2, Table No. 2. The ALJ must look to the Claimaint's age from the time she alleges she was disabled until the date the ALJ announces his decision. See 20 C.F.R. § 416.963(b). But "[i]f [the claimant is] within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that [he or she is] disabled, [the ALJ] will consider whether to use the older age category after evaluating the overall impact of all the factors of [the claimant's] case." 20 C.F.R. § 416.963(b). The Claimant argues that the ALJ failed to consider whether to use the older age category. (Doc. Nos. 12 at 12-13; 17 at 3).

The ALJ found that "[t]he claimant was born on June 16, 1954 and was 50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date. (20 CFR 404.1563 and 416.963)." (Doc. No. 9-3 at 21). The Magistrate Judge held

3

that the ALJ's mention of "[the Claimaint's] birth date and age in his decision and cit[ation] to 20 C.F.R. § 416.963" were sufficient to meet the requirement that the ALJ "consider" whether to use the older age category. (Doc. No. 16 at 6-8). The Magistrate relied on similar statements in Lockwood v. Comm'r of Soc. Sec., 616 F.3d 1068 (9th Cir. 2010) and Bowie v. Comm'r of Soc. Sec., 539 F.3d 395 (6th Cir. 2008), in which the courts held that the ALJ sufficiently considered whether to use the older category. (Id.). But in Lockwood, the ALJ noted the claimant's age at the time of his decision. 616 F.3d at 1071-72. The Ninth Circuit held that "[c]learly the ALJ was aware that Lockwood was just shy of her 55th birthday, at which point she would become a person of advanced age." Id. at 1072. Likewise, the Bowie court noted that "the ALJ made a specific finding under section 1563 that the plaintiff was [in the youngest age category] and that, having listed both Bowie's age and birth date, the ALJ was plainly informed of the fact that she was approaching 50 years of age[, the point at which she would have entered the next age category.]"

This is not true here, where the ALJ only cited the Claimaint's age "on the alleged disability onset date," when she was still five years from becoming a "person of advanced age." (Doc. 9-3 at 21). It appears that the ALJ may not have noticed that the Claimant was only twenty-five days from reaching that milestone, or may not have known he was to consider her age at the time of his decision, rather than "on the alleged disability onset date." In either case, he failed to "consider whether to use the older age category after evaluating the overall impact of all the factors of [the Claimant's] case." 20 C.F.R. § 416.963(b).

Many circuits hold that "nothing in this language obligates an ALJ to address a claimant's borderline age situation in his opinion or explain his thought process in arriving at a particular age-category determination." Bowie, 539 F.3d at 399; see also, e.g., Lockwood, 616 F.3d at

4

1071-72. But a Southern District of West Virginia court held that "the ALJ was required to make a finding regarding his choice of age category" in a borderline case. Bush v. Astrue, No. 5:06-cv-766, 2008 WL 867941, at *7 (S.D. W. Va. Mar. 28, 2008); see also Daniels v. Apfel, 154 F.3d 1129, 1134 n.5 (10th Cir. 1998) (requiring the ALJ to make an explicit factual finding as to whether the claimant fell within a borderline situation); Justice v. Astrue, 589 F. Supp. 2d 110, 111-12 (D. Mass. 2008) ("extensive precedent requir[es] [ALJs] to discuss whether a potential borderline case falls within that category").

This Court need not to decide whether an ALJ must explicitly discuss his or her consideration of a claimant's borderline age situation. No court has found that the requirement that the ALJ "consider whether to use the older age category," 20 C.F.R. § 416.963(b), is met where the ALJ only considered the Claimant's age "on the alleged disability onset date," (Doc. No. 9-3 at 21), and was not "clearly aware that [the Claimant] was just shy of her 55th birthday," Lockwood, 616 F.3d at 1072. The ALJ failed to consider applying the older age category as required by 20 C.F.R. § 416.963(b).

The Commissioner argues that the Claimant must show that the ALJ would have decided the case differently, absent his procedural failure, before this Court remands for reconsideration. (Doc. No. 15 at 11) (citing Newton v. Apfel, 209 F.3d 448, 459 (5th Cir. 2000)). But the case the Commissioner cites involved an ALJ's failure to abide by agency policy manual procedures. Newton, 209 F.3d at 459. The Fourth Circuit regularly remands without such a showing of prejudice where the agency fails to abide by procedures required by its duly promulgated regulations. Saul v. Astrue, No. 2:09-cv-1008, 2011 WL 1229781, at *3 (S.D. W. Va. Mar. 28, 2011) (citing Stroup v. Apfel, No. 96-1722, 2000 WL 216620 (4th Cir. Feb. 24, 2000); Slayton v. Apfel, No. 98-1885, 1999 WL 152614 (4th Cir. Mar. 22, 1999)).

5

A regulation required the ALJ to "consider whether to use the older age category." See 20 C.F.R. § 416.963(b). The ALJ failed to do so. (Doc. No. 9-3 at 21). In Bush, the court held that:

> the ALJ's failure to explain his choice of age category in a borderline situation both impedes judicial review of the ALJ's application of 20 C.F.R. § 404.1563(a) and appears to violate 20 C.F.R. § 404.953, which requires that decisions include 'findings of fact' and 'reasons for the decision.' . . . Given the ALJ's lack of consideration of Claimant's borderline age situation and Claimant's attainment of closely approaching advanced age status prior to the expiration of her insured status, the undersigned finds that remand is required to address this concern.

2008 WL 867941, at *7. This Court cannot excuse the ALJ's procedural failure, even if his decision were otherwise based on substantial evidence. Id. at *7-8; see also Saul, 2011 WL 1229781, at *4.

Another regulation requires the ALJ to discuss his evaluation of certain medical opinions on the record in deciding whether the claimant is disabled. 20 C.F.R. § 404.1527(d)(2) (ALJs must "give good reasons . . . for the weight [given a claimant's] treating source's opinion"). See 20 C.F.R. § 404.1527(d)(2). In Saul, the ALJ failed to discuss one doctor's opinion. 2011 WL 1229781, at *3. The court dismissed the Commissioner's harmless error contention. Id. at *4. It cited a Sixth Circuit explanation that:

> a court cannot excuse the denial of a mandatory procedural protection simply because . . . there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely. To hold otherwise, the court continued, and to recognize substantial evidence as a defense to non-compliance with § 1527(d)(2), would afford the Commissioner the ability the violate the regulation with impunity and render the protections promised therein illusory.

Id. (citing Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 546-47 (6th Cir. 2004) (internal citations omitted)). The Saul court further explained "[i]t is impossible to say whether the ALJ would have reached the same conclusion had he applied the procedures described in §

6

404.1527(d)(2) because no one knows how the ALJ viewed [the doctor's] opinions and conclusions, or if he considered them at all." Id.

The ALJ failed to consider whether to use the older age category as required by 20 C.F.R. § 416.963(b). Like the procedural failures in Bush and Saul, the ALJ's failure to consider using the "person of advanced age" category requires the Court to **REMAND** this case to the ALJ for re-consideration.

## IV. CONCLUSION

The ALJ failed to "consider whether to use the older age category," as required by 20 C.F.R. § 416.963(b), in evaluating the Claimant's case. Thus, this case must be remanded. See Bush, 2008 WL 867941, at *8 (finding that in such a case "the Commissioner's decision is not supported by substantial evidence"); see also Daniels, 154 F.3d at 1136 (finding instead that the ALJ misapplied the law). Because the Court **REMANDS** the case, it does not reach the Claimant's other objections.

**IT IS, THEREFORE, ORDERED** that:

1. The Claimant's Objections to the Magistrate Judge's M&R, (Doc. 17), are **SUSTAINED**;

2. The Claimant's Motion for Summary Judgment, (Doc. No. 11), is **GRANTED**;

3. The Commissioner's Motion for Summary Judgment, (Doc. No. 14), is **DENIED**.

Signed: October 23, 2011

Robert J. Conrad, Jr.
Chief United States District Judge